Harry Friend v. Commissioner.
Friend v. Commissioner
Docket No. 1487-62.
United States Tax Court
T.C. Memo 1965-35; 1965 Tax Ct. Memo LEXIS 294; 24 T.C.M. (CCH) 192; T.C.M. (RIA) 65035; February 23, 1965
*294 James M. Russell and Joseph S. McCarthy, Suite 745, Washington Bldg., Washington, D.C., for the petitioner. Stuart E. Seigel, for the respondent. KERN Memorandum Findings of Fact and Opinion This proceeding involves a deficiency in petitioner's income tax liability for 1958 determined by respondent in the amount of $9,334.15. The critical issue is whether the respondent erred in disallowing depreciation deductions on certain business assets sold during 1958 to the extent that the sales price exceeded the adjusted basis at the beginning of the year of sale. In an amended petition it was alleged that respondent erred in not permitting petitioner to compute his depreciation under a previous agreement between respondent and petitioner. Findings of Fact Some of the facts herein have been stipulated. We find these facts to be as stipulated and incorporate herein, by this reference, the stipulation filed by the parties and the exhibits identified therein and attached thereto. Petitioner is an individual with principal office at 1319 L Street, N.W., Washington, D.C., and principal residence at 4201 Cathedral Avenue, N.W., Washington, D.C. During the taxable year under *295 consideration he was engaged in the business of renting motor vehicles. Petitioner had been in this business for many years prior to 1958, and he continues to maintain this business. Petitioner timely filed his Federal income tax return for the taxable year 1958 with the district director of internal revenue at Baltimore, Maryland. On his income tax return for the taxable year 1958 petitioner claimed a deduction for depreciation in the total amount of $115,330.60. Of this amount $61,582.46 represented depreciation claimed with respect to 127 automobiles which were sold by the petitioner during the same year. On his income tax return for the taxable year 1958 petitioner reported a net long-term capital gain of $36,775.33, resulting in a taxable long-term capital gain of $18,387.67 from the sale of the 127 automobiles. In his statutory notice of deficiency respondent determined that petitioner overstated the allowable deduction for depreciation in the amount of $23,290.83. It is stipulated that "[said] disallowance of depreciation results solely from respondent's determination that the allowable deduction for depreciation with respect to the 127 automobiles in question is limited *296 to the amount, if any, by which the adjusted basis of each automobile at the beginning of the taxable year 1958 exceeds the amount actually realized upon its sale or exchange during the taxable year 1958. No other adjustment to depreciation as claimed by petitioner on his 1958 income tax return was determined by respondent." The consequence of respondent's disallowance was a further determination that the aggregate basis of the 127 automobiles sold by petitioner should be increased in the amount of $23,290.83. This had the effect of decreasing petitioner's net long-term capital gain by $23,290.83, and also decreasing his taxable long-term capital gain by $11,645.41. All of the 127 automobiles sold by the petitioner during the year before us were used solely in his trade or business during 1958 and at all other times while owned by the petitioner. In computing his claimed depreciation on automobiles for 1958 petitioner utilized the straight-line method of depreciation with a useful life of 18 months and a salvage value of 46 percent of cost. For those automobiles which were held for periods in excess of 18 months, petitioner changed the useful life to 25 months and the salvage *297 value to 25 percent of cost. The itemized figures used by petitioner in the computation of the depreciation of automobiles deducted for the year 1958 (including basis, useful life, and salvage value) are set out in Exhibit "A" attached to the statutory notice of deficiency. It is stipulated that this exhibit "properly reflects and proves for each of the 127 automobiles sold by petitioner in 1958" useful life and "[salvage] value, with the exception that the limiting of allowable depreciation to the extent by which the adjusted basis of an automobile at the beginning of the taxable year exceeds the amount actually realized on its sale or exchange during the taxable year, constitutes a redetermination of salvage value." Of the 127 automobiles sold during 1958, 38 were sold before March 11, 1958, 87 were on hand at March 11, 1958, and sold later in 1958, and 2 were acquired after March 11, 1958, and sold later in 1958. Of the $23,290.83 depreciation deduction disallowed by respondent for 1958, $1,390.21 is attributable to the 38 automobiles sold before March 11, 1958, $21,336.62 is attributable to the 87 cars on hand at March 11, 1958, and sold later in 1958, and $564 is attributable *298 to the 2 automobiles acquired after March 11, 1958. Within the group of 127 automobiles there were two subgroups: Those cars with an estimated 25-month useful life and those with an estimated 18-month useful life. The former subgroup consisted of 6 cars and the latter subgroup consisted of 121 cars. The statistics concerning the length of time each automobile was held are as follows: Of the 6 cars with a 25-month useful life 4 were held for 22 months, 1 was held for 24 months, and 1 was held for 27 months. Of the 121 cars with an 18-month useful life 1 was held for 4 months, 1 was held for 7 months, I was held for 8 months, 7 were held for 9 months, 17 were held for 10 months, 31 were held for 11 months, 30 were held for 12 months, 9 were held for 13 months, 5 were held for 14 months, 9 were held for 15 months, 6 were held for 16 months, 1 was held for 17 months, and 3 were held for 18 months. On March 11, 1958, petitioner paid deficiencies in income tax for his taxable years 1954, 1955, and 1956 in the respective amounts of $12,636.37, $15,945.45, and $29,144.88. On April 25, 1958, petitioner paid interest on these deficiencies in the aggregate amount of $5,584.33. The deficiencies *299 in income tax for petitioner's taxable years 1954, 1955, and 1956 were due, in part, to adjustments by respondent to the salvage values and useful lives utilized by petitioner in computing depreciation on automobiles as claimed by him in his returns for these years. The deficiencies in income tax for the years 1954, 1955, and 1956 were computed without limiting depreciation on automobiles sold in said taxable years to the extent, if any, by which the adjusted bases of the automobiles at the beginning of the respective taxable years exceeded the amounts actually realized on their sale or exchange during these years. The reason for this was that this issue was neither raised nor considered during the examination of petitioner's income tax liability for the taxable years 1954, 1955, and 1956. The period of useful lives and the percentage of cost deemed to represent salvage value for depreciation purposes utilized in computing the deficiencies in income tax for the petitioner's taxable years 1954, 1955, and 1956 were the same as those used by the petitioner in computing his claimed deduction for depreciation on automobiles for the taxable year 1958. Opinion KERN, Judge: In this case, *300 as in (Dec. 31, 1964), respondent disallowed a depreciation deduction in the year in which the property depreciated was sold because the sales price exceeded the adjusted basis of the property at the beginning of the year of sale. It is stipulated in this case that the "disallowance of depreciation results solely from respondent's determination that the allowable deduction for depreciation with respect to the 127 automobiles in question is limited to the amount, if any, by which the adjusted basis of each automobile at the beginning of the taxable year 1958 exceeds the amount actually realized upon its sale or exchange during the taxable year 1958." In the cited case the deduction for depreciation was disallowed because of respondent's determination that taxpayer's "adjusted bases at January 1, 1959, were less than the respective amounts realized by [taxpayer] on tractors sold or exchanged during the year 1959 * * *." In , we stated the law as follows: We agree with the petitioner that there is no rule of law which disallows claimed depreciation in the year of sale merely because the sales price exceeds *301 the adjusted basis at the beginning of the year. ; C. L. Nichols; (Nov. 6, 1964); and . However, where respondent in the notice of deficiency disallows a depreciation deduction in the year of sale because the sales price exceeds the adjusted basis at the beginning of the year of sale, the petitioner has the burden of showing that the estimates used by him in his depreciation computation were correct. C. L. Nichols, supra. In that case we reiterated what was indicated in , that the amount received upon the sale of property at or near the end of its estimated useful life (especially in the case of property with a short useful life) may be a relevant yardstick for purposes of determining salvage value. Since "petitioner has introduced no evidence to show that the estimates used by it in computing the claimed depreciation allowances were correct, and that the disparity between estimated salvage value and sales price was due to market appreciation" (Bell Lines, Inc., supra at 5 of mimeographed report), we *302 would decide the depreciation issue herein for respondent under the authority of , were it not for the fact that the parties hereto have also stipulated as follows: Exhibit "A" (entitled "Depreciation computation on automobiles sold during the year 1958") attached to the statutory notice of deficiency, which is attached as an exhibit to the petition filed herein, properly reflects and proves for each of the 127 automobiles sold by petitioner in 1958, the following: * * *
e. Salvage value, with the exception that the limiting of allowable depreciation to the extent by which the adjusted basis of an automobile at the beginning of the taxable year exceeds the amount actually realized on its sale or exchange during the taxable year, constitutes a redetermination of salvage value. f. Basis for depreciation. g. Useful life, expressed in months under the column headed "Life - months." * * *
We construe paragraph 8e. of the stipulation to be a stipulation that the salvage value of the property here involved was that shown on the depreciation computation referred to unless there was a rule of law which limited "allowable depreciation to *303 the extent by which the adjusted basis of an automobile at the beginning of the taxable year exceeds the amount actually realized on its sale or exchange during the taxable year * * *." Since we have recently held in a number of cases that there is no such rule of law, we consider that the parties have stipulated the salvage value of the depreciable property. Accordingly, the recent case of , governs the disposition of the instant case, rather than , and, on the authority of that case ( ), we decide the depreciation issue here involved in favor of petitioner. Because of this conclusion we need not consider petitioner's estoppel argument. [1]
Decision will be entered for the petitioner. Footnotes
1. However, to complete the record, we note that respondent's objection to certain paragraphs of the stipulation relating to the estoppel question and his motion to strike certain testimony with regard to this issue are hereby overruled.↩